1
Trenton R. Kashima (SBN 291405)
tkashima@sommerspc.com
2
SOMMERS SCHWARTZ, PC
402 West Broadway, Suite 1760
3
San Diego, CA 92101
Telephone: (619) 762-2125
4
Facsimile: (619) 762-2127

5
Kevin J, Stoops, Esq. (SBN 332200)
kstoops@sommerspc.com
6
SOMMERS SCHWARTZ, P.C.
One Towne Square, 17th Floor
7
Southfield, MI 48076
Telephone: (248) 355-0300
8
Facsimile: (248) 746-4001

9
*Attorneys for Plaintiff
and the Putative Classes*

10
**IN THE UNITED STATES DISTRICT COURT**

11
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

12

13
**BARBARA KULIK**, **JAMES ESKRIGDE**, and **MARY DUNNING GAROFALO** individually and on behalf of all others similarly situated,

14

15
        Plaintiffs,

16
        vs.

17
**NMCI MEDICAL CLINIC, INC.**, a corporation,

18

19
        Defendant.

Case No:

**CLASS AND COLLECTIVE ACTION COMPLAINT FOR VIOLATION OF THE FLSA AND STATE LAW**

**DEMAND FOR JURY TRIAL**

20

21

22

23

24

25

26

27

28

1   Plaintiff Barbara Kulik, James Eskridge, and Mary Dunning Garofalo (hereinafter "Plaintiffs")

2   alleges based on their own experience, and as to all other allegations, based upon the investigation of

3   counsel, as follows:

4   **I.    INTRODUCTION**

5   1.    This is a collective and class action brought for violations of the Fair Labor Standards

6   Act of 1938, 29 U.S.C. § 201, et seq. as a FLSA § 216(b) collective action and California statewide

7   class action pursuant to Fed. R. Civ. P. 23(b)(3) for state law claims, including the California Labor

8   Code ("Labor Code"), the California Industrial Welfare Commission ("IWC") Wage Order No. 4, the

9   California Business & Professions Code section 17200, *et seq.*, and others as pleaded below.'

10   2.    Defendant NMCI Medical Clinic, Inc. (hereinafter "Defendant") bills itself as "a

11   multidisciplinary center with decades of experience in providing care for patients all throughout

12   Northern California."  Defendant employed Plaintiffs and other similarly situated hourly employees

13   at its medical facilities in Northern and Central California.

14   3.    Plaintiffs and the putative FLSA collective and Rule 23 Class Members they seek to

15   represent regularly worked beyond 40 hours in a workweek and eight hours in a workday but were not

16   paid (either regular or overtime wages) for all hours worked (including overtime).

17   4.    The FLSA and the Labor Code require employers—including Defendant—to

18   compensate employees—including Plaintiffs—for work performed beyond 40 hours in each given

19   workweek at a rate of, at least, one and one-half times the employees' regular rates.

20   5.    The Labor Code further requires employers—including Defendant—to compensate

21   employees—including Plaintiffs—for work performed beyond eight hours in each given workday at

22   a rate one and one-half times the employees' regular rates.

23   6.    Defendant was aware of its obligation to pay overtime premiums to Plaintiffs for work

24   performed beyond 40 hours in a workweek and eight hours in a workday.  Nevertheless, Defendant

25   failed and refused to pay overtime premiums to Plaintiffs and other employees for all overtime hours

26   worked.  Defendant's conduct in that regard amounts to a willful violation of the overtime provisions

27   of the FLSA and Labor Code.

28   7.    Additionally, the Labor Code provides that Plaintiffs and other employees are entitled

- 1 -
COMPLAINT

to provide that an employer may not employ a person for a work period of more than five (5) hours without providing the employee with a meal period of not less than thirty (30) minutes, and may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than (30) minutes.  Similarly, the Labor Code provides that an employer shall provide an employee with a ten (10) minute rest period for every four (4) hours worked or major fraction thereof. Failure to do so will result in one additional hour of pay for an employer's failure to provide meal and rest periods.

8.      As set forth below, Defendant failed to provide meal periods and rest breaks, failed to provide premium wages for missed meal and/or rest periods, and failed to pay overtime wages as required by law.  Additionally, Defendant failed to compensate Plaintiffs and other employees for all business expenses.

**II.     JURISDICTION AND VENUE**

9.      This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because his claim raises a federal question under 29 U.S.C. § 201, *et seq*.

10.     Additionally, this Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."

11.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because this claim arises from a common set of operative facts and is so related to the claims within this Court's original jurisdiction that they form a part of the same case or controversy.

12.     This Court has personal jurisdiction over Defendant because Defendant conducted business in this State, had systematic and continuous ties with this state, and had agents and representatives in this state.  Thus, Defendant had sufficient minimum contacts with or otherwise purposefully avail itself of the markets in the State of California, or otherwise had sufficient contacts with this District to justify it being fairly brought into court in this District.

13.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)-(d) because Plaintiffs and at least some of the putative Class Members worked and/or were paid in this District and the

1  obligations, liabilities, and breaches complained of herein arose or occurred in this District. Defendant

2  owns, operates, and/or maintains offices, transacts business, employs Class Members within the

3  District, or otherwise is found within the District. Defendant is within the jurisdiction of this Court

4  for purpose of service of process.

5  **III.   PARTIES**

6        14.    At all times relevant, Plaintiff Barbara Kulik was a resident and citizen of California.

7  Defendant offered employment to Plaintiff Kulik in 2018, which was accepted. Plaintiff relied on

8  Defendant's representation that Plaintiff would be paid an hourly wage, including overtime pay, when

9  accepting the position. Plaintiff Kulik is currently employed by Defendant.

10       15.    Plaintiff Kulik provides medical services as a Nurse Practitioner. Defendant classified

11  Plaintiff Kulik as an hourly employee. Plaintiff Kulik regularly works over forty hours per workweek

12  and/or eight hours in a work day. This includes significant off-the-clock work, including completing

13  necessary work-related paperwork (such as charting). Plaintiff Kulik is not provided with meal and

14  rest periods as required by the law. Additionally, Plaintiff Kulik is required to use her personal internet

15  and cellphone for business purposes without reimbursement.

16       16.    During the entirety of her employment, Plaintiff Kulik was paid on an hourly basis.

17  Additionally, Plaintiff Kulik was paid overtime wages, at least on the hours record, until approximately

18  March 2020. After this point, she was not longer paid overtime premium wages for the hours she

19  worked in excess of forty hours in a workweek or eight hours in a workday.

20       17.    At all times relevant, Plaintiff James Eskridge was a resident and citizen of California.

21  Plaintiff Eskridge worked for Defendant from before the current class period until he was laid off due

22  to the COVID pandemic.

23       18.    Plaintiff Eskridge provided medical services as a Nurse Practitioner. Defendant

24  classified Plaintiff Eskridge as an hourly employee. Plaintiff Eskridge regularly worked over forty

25  hours per workweek and/or eight hours in a work day. Plaintiff Eskridge would also be required to do

26  paperwork, such as charting, off-the-clock, without any pay. Plaintiff Eskridge was told that he may

27  not work any hours over his scheduled shift and may not accrue overtime hours. Plaintiff Eskridge

28  was not provided with meal and rest periods as required by the law. Additionally, Plaintiff Eskridge

was required to use his personal internet for business purposes without reimbursement.

19.   At all times relevant, Plaintiff Mary Dunning Garofalo was a resident and citizen of California.  Plaintiff Garofalo worked for Defendant from before the current class period until March 2020, when she was laid off due to the COVID pandemic.

20.   Plaintiff Garofalo provided medical care services as a Nurse Practitioner.  Defendant classified Plaintiff Garofalo as an hourly employee.  Plaintiff Garofalo regularly worked over forty hours per workweek and/or eight hours in a work day.  Plaintiff Garofalo would also be required to do paperwork, such as charting, and reviewing medical charts off-the-clock, without any pay.  Plaintiff Garofalo is not provided with meal and rest periods as required by the law.  Additionally, Plaintiff Garofalo was required to use her personal internet for business purposes without reimbursement.

21.   Defendant is a corporation that is not registered to do business in California, but provides medical services within California.[1]  Defendant is headquartered at 1720 Ringwood Ave. San Jose, California 95131.  With approximately sixteen clinics in San Jose, San Mateo, Sacramento, San Leandro, Salinas, and Stockton, Defendant bills itself as a leading provider of injury care in Northern California.  Treatments at Defendant's clinic include physical therapy, psychiatry, interventional pain procedures, pain management, surgery, and more.

## IV.   PARTIES

### Unpaid Overtime and Off-the-Clock Work

22.   Plaintiffs and other hourly Medical Assistants, Nurse Practitioners, and Physician Assistants were employed by Defendant to provide medical services to patients in the four years preceding the filing of this Complaint ("Class Members").  During their employment with Defendant, Defendant provided Plaintiffs and other Class Members with instruction on how to perform their work and Defendant supervised Plaintiffs and Class Members in all aspects of their work.  Defendant made all employment-related decisions directly affecting Plaintiffs and Class Members.  Additionally, Defendant set Plaintiffs and Class Members' work schedules and used a time clock system to log their

---

[1] Defendant's website (https://nmciclinic.com/) lists its business name as "NMCI Medical Clinic, Inc." in legal disclosures; Plaintiffs were unable to file any business records under this name filed with the California Secretary of State.

1   hours.

2      23.    Plaintiffs and Class Members worked between eight and twelve hours a workday

3   during the week, three to five days a workweek.  Plaintiffs and Class Members were regularly

4   scheduled to work forty hours in a given workweek or eight hours in a single workday.

5      24.    Defendant would schedule Plaintiffs and Class Members to see patients every twenty

6   minutes during the workday.  Patients, however, would often require more than the twenty allotted

7   minutes to treat.  Accordingly, Plaintiffs and Class Members would often require additional time,

8   outside their scheduled shifts, to complete other ancillary (but necessary) work task, such as medical

9   charting and other paperwork.  Defendant was aware that it was assigning its employees more work

10  than could be completed during the workday, but would actively discourage Plaintiffs and Class

11  Members from accruing any overtime hours to complete it.

12     25.    Thus, Plaintiffs and other Class Members often were required to work additional time,

13  off the clock.  Plaintiffs and Class Members were not salary employees, but were all paid on an hourly

14  basis.  Accordingly, this off-the-clock work should have been compensated, often at the overtime

15  premium rate of pay.  Defendant knew that Plaintiffs and Class Members were working off the clock,

16  including to finish their medical chartering.  Indeed, Defendant often told employees that they had to

17  complete their paperwork, but Defendant would often not assign Plaintiffs and Class Members

18  additional time to do so.

19     26.    Defendant's medical charting and other paper work was done *via* various computer

20  programs (or electronic health record systems).  Defendant was able to track employees who login to

21  these computer programs and knew, or should have been aware, that employees were regularly

22  working outside their scheduled shifts and off the clock.  Indeed, Health Insurance Portability and

23  Accountability Act's Security Rule encourages Defendant to monitor the login information for its

24  staff, to ensure that Defendant's computer systems are not used improperly used (including monitoring

25  location and time of staff logins).

26     27.    Defendant would always discourage or outright refuse to allow Plaintiffs and other

27  Class Members to log overtime hours.  However, at the end of 2019, Defendant informed Plaintiffs

28  and other Class Members that they were "exempt" employees under state and federal labor laws, and

1    would not receive any overtime premium wages.

2        28.    When Plaintiffs Kulik and Garofalo (and other Class Members) pressed Defendant's

3    HR representatives regarding the reason for this sudden change in compensation policies, the HR

4    representatives were unable to justify the change.  That is because there was no justification for such

5    an exemption under the law.  Under federal and state labor laws, hourly employees cannot be exempted

6    from overtime and other protections afforded to non-exempt employees.

7        29.    Among other things, California Labor Code and Wage Order No. 4 provides that to

8    qualify as exempt under any of the relevant exceptions, the employee must be primarily engaged in

9    exempt duties and earn a _monthly salary_ equivalent to no less than two (2) times the state minimum

10   wage for full-time employment.  The use of the word "_salary_" implies that an exempt employee's pay

11   must be something other than an hourly wage.  *Negri v. Koning & Assocs.*, 216 Cal. App. 4th 392, 397

12   (2013).  This is also confirmed under federal law.  California Division of Labor Standards

13   Enforcement, construes the IWC Wage Orders to incorporate the federal salary-basis test for purposes

14   of determining whether an employee is exempt or nonexempt. *See* https://www.dir.ca.gov/dlse/

15   opinions/2002-03-01.pdf, last accessed on April 30, 2021.

16       30.    Under federal law, an employee is paid on a "salary basis" if the employee "*regularly*

17   *receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all*

18   *or part of the employee's compensation, which amount is not subject to reduction because of*

19   *variations in the quality or quantity of the work performed*.  Subject to the exceptions provided in

20   paragraph (b) of this section [relating to absences from work], an exempt employee must receive the

21   full salary for any week in which the employee performs any work *without regard to the number of*

22   *days or hours worked*. Exempt employees need not be paid for any workweek in which they perform

23   no work. An employee is not paid on a salary basis if deductions from the employee's predetermined

24   compensation are made for absences occasioned by the employer or by the operating requirements of

25   the business. If the employee is ready, willing and able to work, deductions may not be made for time

26   when work is not available." 29 C.F.R. § 541.602(a) (italics added).  Thus, an hourly employee is not

27   exempt under similar exceptions for salaried employees provided by the FLSA.

28       31.    Plaintiffs have actual knowledge—through discussions with other workers and their

1  personal observations of other working for Defendant—that other Class Members had similar

2  schedules with a similar amount of weekly hours and were subject to the same compensation policies.

3  Similarly, Plaintiffs have actual knowledge that other Class Members were misclassified as exempt

4  and paid by the hour, as oppose to a salary.

5          32.     Due to Defendant's unlawful compensation policy, Plaintiffs and other Members of the

6  Class, were not paid for all hours worked and were not paid overtime premium wages which were due.

7                                **Meal and Rest Period Violations**

8          33.     In California, an employer may not employ an employee for a work period of more

9  than five hours per day without providing the employee with a meal period of not less than thirty

10  minutes, except that if the total work period per day of the employee is no more than six hours.  A

11  second meal period of not less than thirty minutes is required if an employee works more than ten

12  hours per day, except that if the total hours worked is no more than 12 hours.  Further, employers must

13  provide 10-minute paid rest period for every four hours worked or major fraction thereof.  An

14  employee must be relieved from all work task during these periods.  If an employer fails to provide a

15  required meal and rest periods, that employee is entitled to one additional hour of pay for that workday.

16          34.     Defendant's company-wide employment policy did not provide set periods for meals

17  and rest for their employees.  Plaintiffs and Class Members were often not provided meal and rest

18  period, or were provided late or shortened meal periods.  Alternatively, Plaintiffs and Class Members

19  required to work during the meal periods.  Plaintiffs and Class Members did not waive their meal o

20  periods.

21          35.     Defendant was aware that Plaintiffs and Class Members did not receive meal and rest

22  periods as required by the law.  Additionally, Defendant did not provide an extra additional hour of

23  pay for any missed meal or rest periods.

24          36.     Because of Defendants' unlawful conduct in not providing Plaintiff and Class Members

25  with appropriate meal periods and work-free ten-minute rest breaks for every four hours or major

26  fraction thereof worked, Plaintiffs and Class Members are owed one hour's wages for each workday

27  that the required rest period was not provided.

28

**Uncompensated Business Expenses**

37.     Plaintiffs and Class Members also used their personal cellular phones and internet to conduct business on behalf of Defendant.  Medical charting was done on various computer programs, which could be accessed outside of work.  Plaintiffs and Class Members were not provide sufficient time to complete their charting during normal work hours due to the needs of their patients.  Defendant knew that Plaintiffs and Class Members were unable to complete their charting during scheduled shifts, but required that such charting be completed regardless.  Accordingly, Defendant encouraged Plaintiffs and Class Members to complete paperwork off the clock and outside the office.

38.     Plaintiffs and Class Members incurred necessary expenditures in the performance of their job duties for Defendant, namely, the use of their personal cellular phones and internet for business-related purposes. From four years prior to the filing of this lawsuit and continuing to the present, Defendant consistently failed to reimburse Class Members for these necessarily incurred business expenses.

**Inaccurate Wage Statements**

39.     From at least four years prior to the filing of this lawsuit, and continuing to the present, Defendant has consistently failed to furnish Plaintiffs and Class Members with accurate itemized wage statements in writing showing, among other things, hours worked and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate.  As a result, Defendant systematically violated Labor Code § 226.

40.     Defendant knew that Plaintiffs and the Class Members were working off-the-clock, but did not report that time on their wage statements.  Similarly, Defendant knew that Plaintiffs and Class Members were entitled overtime wages, but adopted policies that prevented Plaintiffs and Class Members receiving an overtime rate on all hours worked in excess of eight hours in a workday and forty hours in a workweek.

41.     In this action, Plaintiffs and the Class Members seek to recover all the compensation that Defendant is required by law to provide, but failed to provide, to Plaintiffs and the Class Members, as well as penalties and all other relief available to them under the FLSA and California law.  Finally, Plaintiffs seek declaratory relief finding that Defendant's employment practices and policies violated

California law and injunctive relief to enjoin Defendant from continuing to engage in such unlawful employment practices.

42.    Defendant's wrongful conduct and violations of law as herein alleged deprived Plaintiffs and the Class Members of the compensation to which they were entitled.  Defendant failed to enact and follow lawful employment policies, including the systematic misclassification of Plaintiffs and the Class Members as exempt, refusing to compensate for all hours worked, refusal to pay overtime wages, refusing to provide work-free meal and rest periods or one hour's wages in lieu thereof, and pay all business related expenses.  Defendant's wrongful conduct as herein alleged caused the money belonging to Plaintiffs and the Class Members to be unlawfully retained by Defendant and thereby converted by Defendant for its own use.

43.    Defendant failed to comply with the applicable requirements imposed by the FLSA, Labor Code and the applicable IWC Wage Order.  At all relevant times, Plaintiffs and the Class Members were entitled to the protections and benefits of the FLSA because they were non-exempt employees, as well as the protections and benefits of California law because they performed substantial and regular work within the State of California.  Defendant's practices violated and continue to violate state and federal law, which requires the payment of overtime, as well as regular wages for all hours worked as required under California law.  As a result of Defendant's unlawful policies and practices as articulated herein, Defendant failed to pay regular and overtime wages in accordance with applicable law.

44.    Accordingly, Defendant also committed corresponding acts of unfair competition in violation of the California Unfair Competition Law ("UCL"), California Business & Professions Code §§ 17200, *et seq*., by engaging in company-wide policies that violated the Labor Code and regulations promulgated thereunder as herein alleged

**V.    FLSA COLLECTIVE ACTION ALLEGATIONS**

45.    Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) of the FLSA on their own behalf and on behalf of:

> All of Defendant's current and former hourly employees who were classified as exempt from overtime, who provided medical care services for Defendant within the past three years.

(hereinafter referred to as the "FLSA Collective").  Plaintiffs reserve the right to amend this definition if necessary.

46.    Consistent with Defendant's policy and pattern or practice, Plaintiffs and the members of the FLSA Collective were not paid premium overtime compensation when they worked beyond 40 hours in a workweek.

47.    All of the work that Plaintiff and the FLSA Collective members performed was assigned by Defendant, and/or Defendant was aware of all of the work that Plaintiff and the FLSA Collective members performed.

48.    As part of its regular business practice, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective members.  This policy and pattern or practice includes, but is not limited to willfully failing to pay its employees, including Plaintiff and the FLSA Collective, for overtime wages for all hours worked in excess of 40 hours per workweek.

49.    Defendant is aware or should have been aware that federal law required it to pay Plaintiffs and the FLSA Collective overtime premiums for all hours worked in excess of forty per workweek.

50.    Defendant failed to properly maintain timekeeping and payroll records pertaining to the FLSA Collective under the FLSA, 29 U.S.C. 211(c).

51.    Defendant's unlawful conduct was widespread, repeated, and consistent.

52.    A collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiffs under 29 U.S.C. § 216(b). The employees on behalf of whom Plaintiff brings this collective action are similarly situated because (a) they have been or are employed in the same or similar positions; (b) they were or are performing the same or similar job duties; (c) they were or are subject to the same or similar unlawful practices, policy, or plan; and (d) their claims are based upon the same factual and legal theories.

53.    This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

54.    Those similarly situated employees are known to Defendant, are readily identifiable,

1  and can be located through Defendant's records.

2      55.    Plaintiff estimates the proposed FLSA Collective, including both current and former

3  employees over the relevant period will include dozens of workers. The precise number of FLSA

4  Collective members should be readily available from a review of Defendant's personnel and payroll

5  records.

6  **VI.    CLASS ACTION ALLEGATIONS**

7      56.    Plaintiffs bring this action pursuant to Fed. R. Civ. P. 23(b)(3) on their own behalf and

8  on behalf of all similarly situated current and former employees of Defendant.  Plaintiffs propose the

9  following class definition:

10         All of Defendant's current and former hourly employees who provided medical care
           services for Defendant within the past four years.

11
   Plaintiffs reserve the right to amend the putative class definition if necessary.

12
       57.    Plaintiffs share the same interests as the putative Class and will be entitled under the

13
   California Labor Code to unpaid wages, overtime compensation, premium wages for meal and rest

14
   periods, unreimbursed expenses, civil penalties, attorneys' fees, and costs and lost interest owed to

15
   them under nearly identical factual and legal standards as the remainder of the putative class.

16
       58.    The putative Class meets the numerosity requirement of Rule 23(a)(1) because, during

17
   the relevant period, Defendant employed hundreds of Class Members throughout California.  The

18
   Class Members are so numerous that joinder of all such persons is impracticable and that the

19
   disposition of their claims in a class action rather than in individual actions will benefit the parties and

20
   the Court. The precise number of Class Members should be readily available from a review of

21
   Defendant's personnel, scheduling, time, phone, and payroll records, and from input received from

22
   the putative Class Members.

23
       59.    The putative Class meets the commonality requirement of Rule 23(a)(2) because,

24
   during the relevant period, Defendant engaged in a common course of conduct that violated the legal

25
   rights of Plaintiff and the Class.  Individual questions that Plaintiffs' claims present, to the extent any

26
   exist, will be far less central to this litigation than the numerous material questions of law and fact

27
   common to the Class, including but not limited to:

28

a.      Whether Defendant engaged in a policy or practice of failing to pay each Class member compensation for all hours worked;

b.      Whether Defendant engaged in a policy or practice of failing to pay each Class member overtime compensation for each overtime hour worked;

c.      Whether Defendant failed to provide each Class Member with at least one 30-minute meal period on every workday of at least 5 hours and a second 30-minute meal period on every workday of at least 10 hours as required by the California Labor Code and Wage Order No. 4;

d.      Whether Defendant failed to provide each Class Member with 10 minutes rest breaks every four hours as required by the California Labor Code and Wage Order No. 4;

e.      Whether Defendant violated sections 201 to 203 of the Labor Code by willfully failing to pay all wages and compensation due each Class member who quit or who was discharged;

f.      Whether Defendant violated section 226 of the Labor Code by willfully failing to provide accurate itemized wage statements showing the number of hours worked by each Class member and the corresponding hourly rate;

g.      Whether Defendant failed to reimburse Class Members for necessary business expenses;

h.      Whether Defendant was unjustly enriched by the overtime work and services performed by Class Members without overtime compensation;

i.      Whether Defendant engaged in unfair business practices in violation of Business and Professions Code section 17200, *et seq.*; and

j.      Whether Defendant should be required to pay compensatory damages, civil penalties, attorneys' fees, costs, and interest for violating California state law.

60.     The status of all individuals similarly situated to Plaintiffs raise an identical legal question: whether Defendant's Class Members are entitled to back wages, including overtime.

61.     The putative Class meets the typicality requirement of Rule 23(a)(3) because Plaintiffs and the putative Class Members were all employed by Defendant and performed their job

duties without receiving compensation for all hours worked, overtime wages owed for that work, for not receiving meal and rest breaks, and for not receiving reimbursement of business expenses.

61.     The Class meets the adequacy requirement of Rule 23(a)(4) because there is no apparent conflict of interest between Plaintiffs and the putative Class Members they seek to represent, and because Plaintiffs' attorneys have successfully prosecuted many complex class actions, including wage and hour class and collective actions, and will adequately represent the interests of Plaintiffs and the putative Class Members.

62.     The putative Class meets the predominance requirement of Rule 23(b)(3), because issues common to the Class predominate over any questions affecting only individual members, including but not limited to, those listed above.

63.     The Class meets the superiority requirement of Rule 23(b)(3) because allowing the parties to resolve this controversy through a class action would permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, or expense that numerous individual actions would engender.

64.     Given the material similarity of the Class Members' claims, even if each Class member could afford to litigate a separate claim, this Court should not countenance or require the filing of hundreds or even thousands of identical actions.  Individual litigation of the legal and factual issues raised by Defendant's conduct would cause unavoidable delay, a significant duplication of efforts, and an extreme waste of resources.  Alternatively, proceeding by way of a class action would permit the efficient supervision of the putative Class's claims, create significant economies of scale for the Court and the parties and result in a binding, uniform adjudication on all issues.

## COUNT I
### VIOLATION OF FLSA, 29 U.S.C. § 201, *et seq*.
### FAILURE TO PAY OVERTIME WAGES

65.     Plaintiffs re-allege and incorporate all previous paragraphs herein.

66.     At all times relevant to this action, Defendant was engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

67.     At all times relevant to this action, Plaintiffs were an "employee" of Defendant within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

68.     Plaintiffs and the FLSA Collective members, by virtue of their hourly compensation model, are all non-exempt employees.

69.     Plaintiffs were either: (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) were employed in an enterprise engaged in commerce or in the production of goods for commerce.

70.     At all times relevant to this action, Defendant "suffered or permitted" Plaintiffs and all similarly situated current and former employees to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

71.     At all times relevant to this action, Defendant required Plaintiffs and the FLSA Collective members to work in excess of forty (40) hours per week, but failed to pay these employees the federally mandated overtime compensation for this work.

72.     The unpaid overtime work performed every week by Plaintiffs and the FLSA Collective members is substantial and most certainly not *de minimis*.

73.     In workweeks where Plaintiffs and other FLSA Collective members worked 40 hours or more, the uncompensated overtime should have been paid at the federally mandated rate of 1.5 times each employee's regular hourly wage.  29 U.S.C. § 207.

74.     Defendant's violations of the FLSA were knowing and willful. Defendant knew or could have easily determined that the FLSA Collective members were non-exempt by virtue of their hourly compensation system. Further, Defendant could have easily accounted for and properly compensated Plaintiffs and the FLSA Collective for the unpaid overtime, but did not.

75.     The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, each employee is entitled to his or her unpaid wages (including unpaid overtime), plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

**COUNT II**
**VIOLATION OF LABOR CODE §§ 223, 1194, 1194.2, 1197, 1197.1 AND IWC WAGE ORDER 4 – FAILURE TO PAY MINIMUM AND REGULAR WAGES FOR ALL HOURS WORKED**

76.    Plaintiffs re-allege and incorporate all previous paragraphs herein.

77.    At all relevant times, Defendant regularly and consistently maintained corporate policies and procedures designed to reduce labor costs by reducing or minimizing the amount of compensation paid to its employees, including regular wages for all hours worked.

78.    Labor Code §§ 223, 1194, 1194.2, 1197, 1197.1 and the IWC Wage Order No. 4 provide that employees must be paid no less than the applicable minimum and regular wage for all hours worked. *See also Armenta v. Osmose, Inc.*, 135 Cal. App. 4th 314, 323 (2005) (indicating that the Labor Code requires payment for all hours worked at the employee's regular rate of pay).

79.    At all relevant times, Defendant failed and refused to pay Plaintiffs and Class Members minimum and regular wages for all hours worked, specifically, the off-the-clock paperwork activities alleged in this Complaint.

80.    Defendant intentionally, maliciously, fraudulently and with the intent to deprive Plaintiffs and Class Members of their ability to earn a living so as to reduce its labor costs, knowingly and willingly implemented a scheme or artifice to avoid paying Plaintiffs and the Class Members minimum and regular wages for all hours worked.

81.    Plaintiffs and Class Members were entitled to receive wages at the lawful minimum wage rate for all hours worked as alleged in this Complaint. Defendant's failure to pay such wages, as alleged above, was a willful violation of Labor Code §§ 223, 1194, 1194.2, 1197, 1197.1 and the Wage Order No. 4.  Plaintiffs and Class Members were also entitled to receive wages at their regular rates of pay for all hours worked including the the off-the-clock paperwork activities alleged in this Complaint. *See Armenta, supra*, at 323.

82.    Wherefore, Plaintiffs demand, on behalf of themselves and the Class, payment of the unpaid balance of the full amount of wages due for unpaid time worked at the lawful minimum wage rate and their regular rate of pay, and including interest thereon, penalties, liquidated damages, reasonable attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194 and 1194.2, as a result of

1  Defendant's failure to pay minimum and regular wages for all time worked as required under

2  California law.

3  **COUNT III**
   **VIOLATION OF CALIFORNIA LABOR CODE §§ 510, 1194, 1198**

4  **AND IWC WAGE ORDER 4 – FAILURE TO PAY OVERTIME**

5        83.    Plaintiffs re-allege and incorporate all previous paragraphs herein.

6        84.    At all relevant times, Defendant regularly and consistently maintained corporate

7  policies and procedures designed to reduce labor costs by reducing or minimizing the amount of

8  compensation paid to its employees, especially overtime compensation.

9        85.    At all relevant times, Plaintiffs and the Class were paid on an hourly basis and were

10  thus subject to the overtime requirements of California law because Defendant did not meet the

11  requirements for any of the exemptions.

12        86.    Labor Code §§ 510 and 1198 and IWC Wage Order No. 4 § 3(A) provide that: (a)

13  employees are entitled to compensation at the rate of one and one-half times their regular rate of pay

14  for all hours worked in excess of eight (8) hours in a workday up to twelve (12) hours in a workday,

15  in excess of forty (40) hours in a workweek, and for the first eight (8) hours of work on the seventh

16  (7th) consecutive day or a workweek; and (b) employees are entitled to compensation at the rate of

17  twice their regular rate of pay for all hours worked in excess of twelve (12) hours in a workday, and

18  in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

19        87.    At all relevant times, Plaintiffs and the Class regularly worked in excess of eight (8)

20  hours in a workday and/or in excess of forty (40) hours in a workweek.

21        88.    At all relevant times, Defendant failed and refused to pay Plaintiffs and the Class

22  Members for any and all overtime hours worked.

23        89.    Defendant intentionally, maliciously, fraudulently and with the intent to deprive the

24  Class of their ability to earn a living, so as to reduce their labor costs, knowingly and willingly

25  implemented a scheme or artifice to avoid paying overtime by misclassifying Plaintiffs and the Class

26  as exempt.

27        90.    Plaintiffs and the Class were entitled to receive overtime compensation at their lawful

28  regular rate of pay. Defendant's failure to pay lawful premium overtime wages, as alleged above, was

1    a willful violation of Labor Code §§ 510, 1198, and IWC Wage Order No. 4.

2        91.    Wherefore, Plaintiffs demand payment of the unpaid balance of the full amount of

3    wages due for unpaid time worked, as well as overtime premiums owed, including interest thereon,

4    penalties, reasonable attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194 and 1194.2 as

5    a result of Defendant's failure to pay for all time worked and such premium compensation, as is

6    required under California law.

7                                    **COUNT IV**
                        **VIOLATION OF CALIFORNIA LABOR CODE §§ 226.7 and 512**
8                           **FAILURE TO PROVIDE MEAL/REST BREAKS**

9        92.    Plaintiffs re-allege and incorporate all previous paragraphs herein.

10       93.    Labor Code § 512, and IWC Wage Order No. 4 § 11(A) and (B) provide that an

11   employer may not employ a person for a work period of more than five (5) hours without providing

12   the employee with a meal period of not less than thirty (30) minutes, and may not employ an employee

13   for a work period of more than ten (10) hours per day without providing the employee with a second

14   meal period of not less than (30) minutes.

15       94.    IWC Wage Order No. 4 § 12(A) provides that an employer shall provide a ten (10)

16   minute rest period for every four (4) hours worked or major fraction thereof.  These rest periods may

17   not be deducted from the individual wages.

18       95.    At all relevant times, Plaintiffs and the Class consistently worked in excess of five (5)

19   or ten (10) hours in a day.

20       96.    At all relevant times, Defendant regularly required employees to perform work during

21   their first and/or second meal and rest periods without proper compensation or otherwise failed to

22   provide meal breaks.  Defendant regularly required employees to perform work in excess of four hours

23   without a rest period.  The practice of requiring employees to perform work during their legally

24   mandated meal or rest periods without premium compensation is a violation of Labor Code §§ 226.7

25   and 512, and IWC Wage Order No. 4.

26       97.    Defendant purposefully elected not to provide meal or rest periods to Plaintiffs and

27   Class Members, and Defendant acted willfully, oppressively, and in conscious disregard of the rights

28   of Plaintiffs and the Class Members in failing to do so.

98.     Plaintiffs are informed and believes Defendant did not properly maintain records pertaining to when Plaintiffs and the Class Members began and ended each meal period, in violation of Labor Code §1174 and IWC Wage Order No. 4 § 7(A).

99.     As a result of Defendant's knowing, willful, and intentional failure to provide meal or rest breaks, Plaintiffs and the Class Members are entitled to recover one (1) additional hour of pay at the employee's regular rate of pay for each work day that a meal or rest period was not provided, pursuant to Labor Code § 226.7 and 1WC Wage Order No. 4 § 11(D) & 12(B), and penalties, reasonable attorneys' fees, and costs pursuant to Labor Code §§ 218.5.

100.    Defendant's wrongful and illegal conduct in failing to provide Class Members with meal breaks or to provide premium compensation, unless and until enjoined by order of this Court, will continue to cause great and irreparable injury to Plaintiffs and the Class Members in that Defendant will continue to violate these laws unless specifically ordered to comply with the same. The expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are already entitled. Plaintiffs and the Class Members have no other adequate remedy at law to insure future compliance with the laws alleged herein to have been violated.

101.    Wherefore, Plaintiffs demands pursuant to Labor Code Section 227.7(b) that Defendant pay each Class member one additional hour of pay at the Class member's regular rate of compensation for each work day that the meal or rest period was not provided.

**COUNT V**
**VIOLATION OF CALIFORNIA LABOR CODE § 226 and 1174**
**FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**

102.    Plaintiffs re-allege and incorporate all previous paragraphs herein.

103.    Labor Code §§ 226 and 1174 provide that every employer shall, semi-monthly or at the time of payment of wages, furnish each employee, either as a detachable part of the check or separately, an accurate, itemized statement in writing showing the total hours worked, and the applicable hourly rates and corresponding total number of hours worked.

104.    At all relevant times, Defendant failed to maintain proper records and furnish Plaintiffs and the Class Members, either semi-monthly or at the time of each payment of wages, an accurate,

- 18 -
COMPLAINT

itemized statement conforming to the requirements of Labor Code §§ 226 and 1174.

105.    At all relevant times, Defendant failed to furnish Plaintiff and the Class Members with accurate wage statements in writing, showing: (1) gross wages earned; (2) total hours worked by each respective employee; (3) all deductions; (4) net wages earned; (5) the inclusive dates of the period for which the employee is paid; (6) the name of the employee and only the last four digits of his or her social security number or an employee identification number; (7) the name and address of the legal entity that is the employer; and (8) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

106.    Plaintiffs and the Class did not receive wage statements that accurately reflected overtime hours and the corresponding overtime rates for those hours.

107.    Plaintiffs are informed and believe that Defendant knew or should have known that Plaintiffs and the Class Members were entitled to receive wage statements compliant with Labor Code § 226 and 1174, and that Defendant willfully and intentionally failed to provide Plaintiffs and the Class Members with such accurate, itemized statements showing, for example, accurate hours and overtime calculations.

108.    Wherefore Plaintiffs demand that Defendant pay each and every Class member fifty dollars ($50.00) for the initial pay period in which the violation occurred and one hundred dollars ($100) for each subsequent violation, up to a maximum of four thousand dollars ($4,000.00) pursuant to Labor Code § 226, as well as reasonable attorneys' fees and costs.

### COUNT VI
### VIOLATION OF LABOR CODE § 2802 – FAILURE TO REIMBURSE BUSINESS EXPENSES

109.    Plaintiffs re-allege and incorporate all previous paragraphs herein.

110.    Under Labor Code § 2802(a) an employer must indemnify its employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

111.    Plaintiffs and Class Members incurred necessary expenditures in the performance of their job duties for Defendant, namely, the use of their personal cellular phones and personal internet

for business-related purposes.  From four years prior to the filing of this lawsuit and continuing to the present, Defendant consistently failed to reimburse Class Members for these necessarily incurred business expenses.

112.    As a result of the unlawful acts of Defendant, Plaintiffs and Class Members have been deprived of reimbursement in amounts to be determined at trial and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs.

**COUNT VI**
**VIOLATION OF LABOR CODE §§ 201, 202 AND 203 –**
**WAITING TIME PENALTIES**

113.    Plaintiffs re-allege and incorporate all previous paragraphs herein.

114.    Labor Code §§ 201 and 202 require employers to pay their employees all wages due within the time specified by law. Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employee must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of 30 days of wages.

115.    The Class Members who ceased employment with Defendant are entitled to unpaid compensation, but to date have not received such compensation.

116.    More than thirty days have passed since certain Class Members left Defendant's employ.

117.    As a consequence of Defendant's willful conduct in not paying compensation for all hours worked and not paying overtime wages, the Class Members whose employment ended during the Class Period are entitled to 30 days' wages under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

**COUNT VIII**
**VIOLATION OF BUSINESS AND PROFESSIONS CODE, § 17200,** *et seq.*

118.    Plaintiffs re-allege and incorporate all previous paragraphs herein.

119.    Defendant engaged and continues to engage in unfair business practices in California by practicing, employing and utilizing the unlawful practices described above, including (a) failing to pay overtime premiums to Class Members when required to do so under state and federal labor laws; (b) failing to provide lawful meal/rest breaks or premium compensation in lieu thereof; and (c) failing

to provide accurate, itemized wage statements.

120.    In addition, the conduct alleged in each of the previously stated causes of action constitute an unlawful and for unfair business practice within the meaning of Business & Professions Code § 17200, *et seq*.

121.    As a result of Defendant's conduct, Plaintiff and the Class have been harmed as described in the allegations set forth above.

122.    The actions described above, constitute false, unfair, fraudulent and deceptive business practices within the meaning of California Business & Professions Code § 17200, *el seq.* By and through such unfair, unlawful and/or fraudulent business practices, Defendant obtained valuable property, money and services from Plaintiff and the Class, and have deprived Plaintiffs and the Class fundamental rights and privileges guaranteed to all employees under California law.

123.    Defendant was unjustly enriched by the policies and practices described herein, and those policies and practices conferred an unfair business advantage on Defendant over other businesses providing similar services which routinely comply with the requirements of California law.

124.    Plaintiffs seek, on their own behalf, and on behalf of the putative Class Members, full restitution of all monies withheld, acquired and/or converted by Defendant by means of the unfair practices complained of herein, as necessary and according to proof, and/or disgorgement of all profits acquired by Defendant by means of the acts and practices described herein.

125.    Plaintiffs seek, on their own behalf, and on behalf of other Class Members similarly situated, an injunction to prohibit Defendant from continuing to engage in the unfair business practices complained of herein. Defendant's unlawful conduct, as described above, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to Plaintiffs and all Class Members in that Defendant will continue to violate these California laws unless specifically ordered to comply with the same. This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law. Plaintiffs has no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

/ / /

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiffs on their own behalf and on the behalf of the putative Collective and Class Members, request judgment as follows:

    a.    Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth above;

    b.    Designating the named Plaintiff as Representative of the proposed FLSA collective;

    c.    Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all those individuals who are similarly situated, and permitting Plaintiffs to send notice of this action to all those similarly situated individuals including the publishing of notice in a manner that is reasonably calculated to apprise the potential Class Members of their rights under the FLSA;

    d.    Certifying the proposed Rule 23 Class;

    e.    Designating Plaintiff as representatives of the proposed Rule 23 Class;

    f.    Appointing Sommers Schwartz, P.C. as Class Counsel;

    g.    Declaring that Defendant willfully violated the Fair Labor Standards Act and its attendant regulations as set forth above;

    h.    Granting judgment in favor of Plaintiffs and against Defendant and awarding the amount of unpaid overtime wages calculated at the rate of one and one-half (1.5) of Plaintiffs regular rate (including the shift differential where applicable) multiplied by all overtime hours that Plaintiffs worked in excess of eight (8) hours per day and/or forty (40) hours per week for the past four years;

    i.    Awarding liquidated damages in an amount equal to the amount of unpaid wages found due and owing;

    j.    For statutory and civil penalties pursuant to Labor Code §§ 225.5, 226(e), 226.3, and 226.7;

    k.    For disgorgement and restitution to Plaintiffs and other similarly effected Class Members of all funds unlawfully acquired by Defendant by means of any acts or practices

declared by this Court to violate the mandate established by California Business and Professions Code § 17200, *et seq.*;

l.      For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendant and determined to have been wrongfully acquired by Defendant as a result of violations of California Business and Professions Code § 17200, *et seq.*;

m.      For an injunction prohibiting Defendant from engaging in the unfair business practices complained of herein;

n.      For an injunction requiring Defendant to give notice to persons to whom restitution is owing of the means by which to file for restitution;

o.      For actual damages or statutory penalties according to proof as set forth in California Labor Code §§ 226, 1174, and IWC Wage Order No. 4, § 7(A) related to record keeping;

p.      For an order requiring Defendant to show cause, if any there be, why they should not be enjoined and ordered to comply with the applicable California Industrial Welfare Commission wage orders related to record keeping for Defendant's employees related to same; and for an order enjoining and restraining Defendant and its Class Members, servants and employees related thereto;

q.      For pre-judgment interest as allowed by California Labor Code §§ 218.6, 1194 and 2802(b) and California Civil Code § 3287 and other statutes;

r.      For reasonable attorneys' fees, expenses, and costs as provided by the FLSA, California Labor Code §§ 218.5, 226(e) and (g), 1194, 2802, and California Code of Civil Procedure § 1021.5; and

s.      For such other and further relief the Court may deem just and proper.

/ / /

/ / /

/ / /

/ / /

## **JURY DEMAND**

Plaintiff hereby requests trial by jury on all claims and issues that are so triable.

Dated: May 10, 2021

Respectfully submitted

/s/ Trenton R. Kashima
Trenton R. Kashima SBN 291405
SOMMERS SCHWARTZ, P.C.
tkashima@sommerspc.com
402 West Broadway, Ste. 1760
San Diego, California 92101
Telephone: (619) 762-2126
Facsimile:  (619) 762-2127

*Attorneys for Plaintiff and others similarly situated*

COMPLAINT