Kevin J. Stoops, Esq. (SBN 291405)
kstoops@sommerspc.com
SOMMERS SCHWARTZ, P.C.
402 West Broadway, Suite 1760
San Diego, California
Telephone: (248) 355-0300

*Attorney for Plaintiffs
and the Class*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BARBARA KULIK, JAMES ESKRIDGE,** and **MARY DUNNING GAROFALO** individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NMCI MEDICAL CLINIC, INC., a corporation,<br><br>Defendant | Case No.: 5:21-cv-03495-BLF<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, LITIGATION EXPENSES, AND CLASS REPRESENTATIVE INCENIVE AWARDS**<br><br>Judge: Beth Labson Freeman<br><br>Complaint Filed: May 10, 2021<br>FAC Filed: July 13, 2021<br>Final Approval Hearing: March 2, 2023 |

# TABLE OF CONTENTS

I.   INTRODUCTION ............................................................................................................. 1

II.  BACKGROUND ............................................................................................................... 1

III. ARGUMENT ..................................................................................................................... 2

    A.  Class Counsel is Entitled to Recover Attorneys' Fees from the Common Fund ............ 2

    B.  The Requested Attorneys' Fees are Within the Range of Approval ............................... 4

    C.  The Lodestar "Cross-check" Confirms that the Requested Attorneys' Fees are Reasonable ........................................................................................................................ 8

    D.  Class Counsel's Litigation Expenses are Proper ............................................................ 11

    E.  The Requested Class Representative Incentive Awards Are Reasonable ..................... 12

IV.  CONCLUSION ................................................................................................................. 14

## TABLE OF AUTHORITIES

Cases                                                                                           Page(s)

688 F.3d 645 (9th Cir. 2012) .................................................................................... 12
984 F.2d 345 (9th Cir. 1993) ...................................................................................... 9
*Anderson v. Nextel Retail Stores, LLC,*
  2010 U.S. Dist. LEXIS 71598 C.D. Cal. June 30, 2010) ....................................... 9
*Bautista-Perez v. Juul Labs, Inc.,*
  2022 WL 2239838 (N.D. Cal. June 22, 2022) ....................................................... 5
*Bennett v. SimplexGrinnell LP*, No. 11-cv-01854-JST,
  2015 U.S. Dist. LEXIS 192870, (N.D. Cal. Sep. 3, 2015) ..................................... 5
*Bergman v. Thelen LLP*, No. 3:08-cv-05322-LB,
  2016 U.S. Dist. LEXIS 170861, (N.D. Cal. Dec. 9, 2016) ..................................... 5
*Blum v. Stenson,*
  465 U.S. 886 (1984) ................................................................................................ 9
*Boeing Co. v. Van Gemert,*
  444 U.S. 472 (1980) ................................................................................................ 3
*Boyd v. Bank of Am. Corp.,*
  2014 U.S. Dist. LEXIS 162880, (C.D. Cal. Nov. 18, 2014) ................................... 8
*Bouman v. Block,*
  940 F.2d 1211 (9th Cir. 1991) ................................................................................. 9
*Brown v. Google LLC*, 4:20-cv-03664-YGR (N.D. Cal.) at ECF NO.5971 ............. 10
*Clark v. Payless Shoesource, Inc.,*
  2012 U.S. Dist. LEXIS 105187, (W.D. Wash. July 27, 2012) ............................... 3
*Collins v. Barney's Barn, Inc.,*
  2013 WL 1668984 (E.D. Ark. Apr. 17, 2013) ........................................................ 7
*Cottle v. Plaid Inc.,*
  2022 WL 2829882 (N.D. Cal. July 20, 2022) ...................................................... 10
*Cuviello v. Feld Ent., Inc.,*
  2015 WL 154197 (N.D. Cal. Jan. 12, 2015) ........................................................... 9
*David v. Bankers Life & Cas. Co.,*
  2015 WL 3994975 (W.D. Wash. June 30, 2015) ................................................... 6
*Davis v. City of San Francisco,*
  976 F.2d 1536 (9th Cir. Cal. 1992) ......................................................................... 9
*Deposit Guar. Nat'l Bank v. Roper,*
  445 U.S. 326 (1980) ................................................................................................ 6
*E.E.O.C. v. Peoplemark, Inc.,*
  732 F.3d 584 (6th Cir. 2013) ................................................................................. 13
*Edwards v. Publishers Circulation Fulfillment, Inc.,*
  268 F.R.D. 181 (S.D.N.Y. 2010) ............................................................................ 7
*Elliott v. Rolling Frito-Lay Sales, LP,*
  2014 WL 2761316, 2014 U.S. Dist. LEXIS 83796, (C.D. Cal. June 12, 2014) ..... 3
*Fleming v. Impax Lab'ys Inc.,*
  2022 U.S. Dist. LEXIS 125595, (N.D. Cal. July 15, 2022) ................................. 10
*Foster v. Adams & Assocs.,*
  2022 U.S. Dist. LEXIS 25071, (N.D. Cal. Feb. 11, 2022) ................................ 5, 10

*Gates v. Deukmejian*,
　987 F.2d 1392 (9th Cir. 1992) ............................................................................................. 9
*Glass v. UBS Fin. Servs.*,
　2007 U.S. Dist. LEXIS 8476, (N.D. Cal. Jan. 26, 2007) ..................................................... 4
*Graham v. Overland Solutions, Inc.*,
　2012 U.S. Dist. LEXIS 130113, (S.D. Cal. Sept. 12, 2012) .............................................. 13
*Greko v. Diesel U.S.A., Inc.*,
　2013 U.S. Dist. LEXIS 60114, (N.D. Cal. Apr. 26, 2013) ................................................... 3
*Hanlon v. Chrysler Corp.*,
　150 F.3d 1011 (1998) .......................................................................................................... 8
*Harper v. City of Cleveland*,
　2020 WL 127683 (N.D. Ohio Jan. 10, 2020) ................................................................... 14
*Hopkins v. Stryker Sales Corp.*,
　2013 U.S. Dist. LEXIS 16939, (N.D. Cal. Feb. 6, 2013) .................................................... 7
*In re Activision Sec. Litig.*,
　723 F. Supp. 1373 (N.D. Cal. 1989) ................................................................................... 4
*In re ATM Fee Antitrust Litig.*,
　686 F.3d 741 (9th Cir. 2011) .............................................................................................. 9
*In re Bluetooth Headset Prods. Litig.*,
　654 F.3d 936 (9th Cir. 2011) .............................................................................................. 3
*In re Heritage Bond Litig.*,
　2005 U.S. Dist. LEXIS 13555 ......................................................................................... 7,8
*In re Linerboard Antitrust Litig.*,
　2004 WL 1221350 (E.D. Pa. June 2, 2004) ........................................................................ 8
*In re Mercury Interactive Corp. Sec. Litig.*,
　618 F.3d 988 (9th Cir. 2010) .............................................................................................. 3
*Jefferson v. H&M Hennes & Mauritz, L.P.*,
　2013 U.S. Dist. LEXIS 2875 (C.D. Cal. Jan. 7, 2013) ..................................................... 11
*Johnson v. General Mills, Inc.*,
　2013 U.S. Dist. LEXIS 90338, (C.D. Cal. June 17, 2013) ................................................. 4
*Ketchum v. Moses*,
　24 Cal. 4th 1122, 104 Cal. Rptr. 2d 377, 17 P.3d 735 (2001) .......................................... 10
*Koehl v. Verio*,
　142 Cal. App. 4th 1313 (2006) ......................................................................................... 13
*Knight v. Red Door Salons, Inc.*,
　2009 U.S. Dist. LEXIS 11149, (N.D. Cal. Feb. 2, 2009) .................................................. 12
*Murphy v. Bd. of Educ. of Rochester City Sch. Dist.*,
　420 F. Supp. 2d 131 (W.D.N.Y. 2006) ............................................................................. 14
*Nitsch v. DreamWorks Animation SKG Inc.*,
　2017 WL 2423161 (N.D. Cal. June 5, 2017) ................................................................... 10
*Nucci v. Rite Aid Corp.*, Case No. 3:19-cv-01434-LB,
　2022 U.S. Dist. LEXIS 94936, (N.D. Cal. May 26, 2022) ........................................... 5, 10
*Odrick v. UnionBanCal Corp.*,
　2012 WL 6019495, 2012 U.S. Dist. LEXIS 171413, (N.D. Cal. Dec. 3, 2012) ............... 11
*Open Source Sec. v. Perens*,
　803 F. App'x 73 (9th Cir. 2020) ....................................................................................... 10

*Petition of Hill*,
   775 F.2d 1037 (9th Cir. 1985) .................................................................................................. 4
*Pierce*,
   2013 WL 5402120 ...................................................................................................................... 12
*Powers v. Eichen*,
   229 F.3d 1249 (9th Cir. 2000) .................................................................................................. 5
*Rodriguez v. West Publ'g Corp.*, 563 F.3d 948 (9th Cir. 2009) .......................................................... 12
*Rutti v. Lojack Corp.*,
   2012 U.S. Dist. LEXIS 107677, (C.D. Cal. July 31, 2012) ...................................................... 9
*Six (6) Mexican Workers v. Arizona Citrus Growers*,
   904 F.2d 1301 (9th Cir. 1990) .................................................................................................. 4
*Smith v. CRST Van Expedited, Inc.*, 2013 WL 163293 (S.D. Cal. Jan. 14, 2013) ............................... 13
*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003) .................................................................................................. 2, 3
*Thieriot v. Celtic Ins. Co.*,
   2012 U.S. Dist. LEXIS 107677, (C.D. Cal. July 31, 2012) ...................................................... 9
*Trevino v. Gates*,
   99 F.3d 911 (9th Cir. 1996) ....................................................................................................... 9
*Vandervort v. Balboa Capital Corp.*,
   2014 U.S. Dist. LEXIS 46174 (C.D. Cal. Mar. 27, 2014) ......................................................... 3
*Van Vranken v. Atl. Richfield Co.*,
   901 F. Supp. 294 (N.D. Cal. 1995) .......................................................................................... 12
*Vasquez v. Coast Valley Roofing, Inc.*,
   266 F.R.D. 482 (E.D. Cal. 2010) ............................................................................................... 4
*Vizcaino v. Microsoft Corp.*,
   290 F.3d 1043 (9th Cir. 2002) ......................................................................................... 4, 6, 8
*Weeks v. Kellogg Co.*,
   2011 U.S. Dist. LEXIS 155472, (C.D. Cal. Nov. 23, 2011) ...................................................... 3
*Wren v. RGIS Inventory Specialists*, No. 06-CV-5778-JCS,
   2011 U.S. Dist. LEXIS 38667, (N.D. Cal. Apr. 1, 2011) .......................................................... 5
*Zamora v. Lyft, Inc.*,
   2018 WL 4657308 (N.D. Cal. Sept. 26, 2018) ........................................................................... 5

**Rules**
Fed. R. Civ. Proc. 23(h) ........................................................................................................................ 2
Federal Rule of Civil Procedure 23 ...................................................................................................... 2

**Other Authorities**
ATTORNEY FEE AWARDS § 2:08 at 50–51 ..................................................................................... 11
Common Fund Class Actions,
   24 CLASS ACTION REPORTS 167 (2003) ............................................................................. 9

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

This is a FLSA/California wage-and-hour hybrid collective/class action. Plaintiffs, Barbara Kulik, James Eskridge, and Mary Dunning Garofalo (hereinafter "Plaintiffs") have settled this litigation on behalf of approximately 98 hourly, non-exempt California employees of Defendant, NMCI Medical Clinic, Inc. ("Defendant").

On October 26, 2022, the Court granted Plaintiffs' Unopposed Motion for Preliminary Approval of Class/Collectively Action Settlement. [ECF No. 52]. Pursuant to that Order, the Court directed Plaintiffs to file their Motion to Approval of Attorneys' Fees, Litigation Expenses, and Class Representative Incentive Awards on or before December 16, 2022. *Id*. Consistent with that order, Plaintiffs files the present motion and memorandum.

In this unopposed Motion, Plaintiffs hereby request approval the attorney fees and litigation expenses of Sommers Schwartz, P.C. (hereinafter "Class Counsel"). Plaintiffs seek approval for Class Counsel's attorney fees in an amount of $262,500 (30% of the gross settlement fund). Additionally, Plaintiffs seek approval of litigation expenses in the amount not to exceed $20,000, and class representative incentive awards totaling $20,000.

### II.   BACKGROUND

Plaintiffs' Preliminary Approval Motion [ECF No. 45] provided a comprehensive overview of the work performed in connection with obtaining the Settlement Agreement on behalf of Plaintiffs and the putative settlement class. The Settlement Agreement was reached after extensive informal discovery, assistance in modeling damages from an expert economist, and a full day of mediation (the second mediation in the case_ with one of the most respected wage and hour mediators in the country, Gig Kyriacou.[1] Following a tentative agreement on the key terms of the Settlement Agreement, Class Counsel spent several weeks negotiating the long-form Settlement Agreement that is presently before

---

[1] *See*, https://gigkmediate.com/about-vvp/ (last visited 12/10/22).

the Court for approval. At all times throughout this process, the Defendant contested Plaintiffs' claims, and to this date, continues to contest Plaintiffs' claims.

Under the terms of the parties' proposed settlement, Defendant will make a non-reversionary payment of $875,000. If approved, the settlement fund of $875,000, will be distributed as follows: (i) no less than $553,273.54 will be paid to the 98 putative class/collective members; (ii) $15,000 will be paid to the California Labor and Workforce Development Agency (LWDA) relating to the PAGA component of the settlement; (iii) $20,000 will be paid to Class Representatives ($5,000 each) Barbara Kulik, James Eskridge, Mary Dunning Garofalo, and Yadira Gomez; (iv) 262,500 will be paid to Class Counsel for attorneys' fees; (iv) Class Counsel will be reimbursed for litigation expenses in an amount not to exceed $20,000; and (v) settlement administration fees in the amount of $4,226.46.

On November 15, 2022, the Settlement Administrator mailed the Court approved Notice. Since the Notice was mailed to 100 Class Members, zero (0) Class Members have objected, and just one (1) Class Members has opted-out. (Exh. A, December 9, 2022 Settlement Administrator Report). With only two weeks left in the Notice Period, these numbers support an overwhelmingly positive reaction to the Settlement, including the Class Counsel attorneys' fees request.

## III.   ARGUMENT

### A.   Class Counsel is Entitled to Recover Attorneys' Fees from the Common Fund.

Federal Rule of Civil Procedure 23 provides that, "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. Proc. 23(h). Rule 23(h) applies to requests for attorney's fees for settled class actions. *See Staton v. Boeing Co.*, 327 F.3d 938, 964 (9th Cir. 2003) (explaining that "[a]ttorneys' fees provisions included in proposed class action agreements are, like every other aspect of such agreements, subject to the determination whether the settlement is 'fundamentally fair, adequate and reasonable'"). According to the Ninth Circuit, in order to protect the due-process rights of unnamed

class members, any such request must be filed prior to the deadline to object to the settlement. *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994-95 (9th Cir. 2010) ("*In re Mercury*"). See also *Weeks v. Kellogg Co.*, 2011 U.S. Dist. LEXIS 155472, at *80 (C.D. Cal. Nov. 23, 2011) (applying *In re Mercury* and holding that the filing of a fee petition one week before the objection deadline comported with due process). The present motion, filed on December 16, 2022, complies with *In re Mercury*.

With regard to the merits of the Motion, in analyzing Rule 23(h) fee requests, courts "'have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount.'" *Vandervort v. Balboa Capital Corp.*, 2014 U.S. Dist. LEXIS 46174 (C.D. Cal. Mar. 27, 2014) (quoting *In re Bluetooth Headset Prods. Litig.*, 654 F.3d 936, 941 (9th Cir. 2011)).

The U.S. Supreme Court "has recognized consistently that a litigant or a lawyer who recovers a common fund . . . is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Staton*, 327 F.3d at 967 (same). For purposes of determining a reasonable fee, "'courts have discretion to employ either the lodestar method or the percentage-of-recovery method.'" *Greko v. Diesel U.S.A., Inc.*, 2013 U.S. Dist. LEXIS 60114, at *23 (N.D. Cal. Apr. 26, 2013). Generally speaking, though, "[t]he lodestar method is . . . preferable when calculating statutory attorney fees, whereas the percentage-of-recovery approach is appropriate when the fees will be drawn from a common fund." *Clark v. Payless Shoesource, Inc.*, 2012 U.S. Dist. LEXIS 105187, at *3-4 (W.D. Wash. July 27, 2012) (citing *In re Bluetooth Headset Prods. Litig.*, 654 F.3d at 941).

The Ninth Circuit has explained that, "[b]ecause the benefit to the class is easily quantified in common-fund settlements, we have allowed courts to award attorneys a percentage of the common fund in lieu of the often more time-consuming task of calculating the lodestar." *In re Bluetooth*, 654 F.3d at 942. See also *Elliott v. Rolling Frito-Lay Sales, LP*, 2014 WL 2761316, at *9, 2014 U.S. Dist. LEXIS

83796, at *25 (C.D. Cal. June 12, 2014) ("There are significant benefits to the percentage approach, including consistency with contingency fee calculations in the private market, aligning the lawyers' interests with achieving the highest award for the class members, and reducing the burden on the courts that a complex lodestar calculation requires.").

As explained by the Ninth Circuit, a "common fund" exists "when (1) the class of beneficiaries is sufficiently identifiable, (2) the benefits can be accurately traced, and (3) the fee can be shifted with some exactitude to those benefiting." *In re Petition of Hill*, 775 F.2d 1037, 1041 (9th Cir. 1985). According to the Supreme Court, "the[se] criteria are satisfied when each member of a certified class has an undisputed and mathematically ascertainable claim to part of a lump-sum [amount]." *Boeing Co.*, 444 U.S. at 479. Here, the Settlement Agreement creates a common fund, as the class of beneficiaries is sufficiently identifiable, the benefits can be accurately traced, and the fee can be shifted with some exactitude to those benefiting. As explained in more detail below, Class Counsel's requested fee award amount is reasonable, and results in a modest 2.0 multiplier based on Class Counsel's lodestar.

### B. The Requested Attorneys' Fees are Within the Range of Approval.

The Ninth Circuit has stated that "25 percent of the fund [i]s the 'benchmark' award that should be given in common fund cases." *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). That said, "the exact percentage varies depending on the facts of the case, and in 'most common fund cases, the award exceeds that benchmark.'" *Johnson v. General Mills, Inc.*, 2013 U.S. Dist. LEXIS 90338, at *20 (C.D. Cal. June 17, 2013) (quoting *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491 (E.D. Cal. 2010). Thirty percent is within the "usual range." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). *See also In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1377-78 (N.D. Cal. 1989) (stating that "nearly all common fund awards range around 30%"). When the Court awards fees above or below the benchmark, the "record must indicate the Court's reasons for doing so." *Glass v. UBS Fin. Servs.*, 2007 U.S. Dist. LEXIS 8476, at *44 (N.D. Cal. Jan.

26, 2007) (citing *Powers v. Eichen*, 229 F.3d 1249, 1256-57 (9th Cir. 2000)).

This Court and other courts have customarily approved payments of attorneys' fees amounting to one-third of the common fund, including in comparable wage-and-hour class actions, and judges in this district recognize a one-third fee as consistent with awards in similar cases. *See, e.g., Nucci v. Rite Aid Corp.*, No. 3:19-cv-01434-LB, 2022 U.S. Dist. LEXIS 94936, at *16 (N.D. Cal. May 26, 2022) (granting final approval of a wage-and-hour class action settlement and awarding attorneys' fees of 33.33% of the total settlement amount and finding that this percentage is "in line with similar wage-and-hour cases where the results obtained were excellent and the risks were great"); *Zamora v. Lyft, Inc.*, No. 3:16-cv-02558-VC, 2018 WL 4657308, at *3 (N.D. Cal. Sept. 26, 2018) (one-third award is "consistent with the Ninth Circuit authority and the practice in this District."); *see also Wren v. RGIS Inventory Specialists*, No. 06-CV-5778-JCS, 2011 U.S. Dist. LEXIS 38667, at *79-*80 (N.D. Cal. Apr. 1, 2011) (awarding fees of over 40% of the settlement fund where class counsel created a gross settlement fund of $27 million on behalf of more than 62,000 class members in a wage-and-hour case); *Bennett v. SimplexGrinnell LP*, No. 11-cv-01854-JST, 2015 U.S. Dist. LEXIS 192870, at *19-21 (N.D. Cal. Sep. 3, 2015) (approving attorneys' fees of approximately 38.8% of the settlement fund in wage-and-hour class action settlement); *Jones v. CertifiedSafety*, 3:17-cv-02229-EMC, ECF No. 232 (N.D. Cal. June 1, 2020) (awarding fees based on one-third of the common fund in wage-and-hour class action); *Bergman v. Thelen LLP*, No. 3:08-cv-05322-LB, 2016 U.S. Dist. LEXIS 170861, at *21 (N.D. Cal. Dec. 9, 2016) (employment class action); *Foster v. Adams & Assocs.*, No. 18-cv-02723-JSC, 2022 U.S. Dist. LEXIS 25071, at *27-29 (N.D. Cal. Feb. 11, 2022) (granting final approval of an ERISA class action settlement and awarding attorneys' fees of 33.3% of the total settlement amount); *Bautista-Perez v. Juul Labs, Inc.*, No. 20-CV-01613-HSG, 2022 WL 2239838, at *9 (N.D. Cal. June 22, 2022) (granting final approval of an employment class action settlement and awarding attorneys' fees of 30% of the total settlement amount). These similar cases further support Plaintiffs' attorney's fees request.

In this case, the Settlement provides consideration of $875,000 for just 98 Class Members. The requested fee award of $262,500, is 30% of that amount.

Among the circumstances the Ninth Circuit has considered relevant in assessing reasonableness are: (1) the results achieved; (2) the riskiness of prosecuting the litigation; (3) whether counsel obtained benefits for the Class above and beyond the cash settlement fund itself; and (4) the financial burden carried by Plaintiffs' counsel in prosecuting the case on a contingency basis. *Vizcaino*, 290 F.3d 1043 at 1048-50. In this case, all of those factors favor a finding that a fee award of up to 30% is reasonable.

*First*, Class Counsel has obtained an extraordinary settlement on behalf of the 98 Class Members. The gross value of the settlement equals an average recovery of $8,838.38 per Class Member. Further, the Settlement equals $269.23 per pay period worked across all of the Class Members. This number is staggering considering a large portion of the workweeks did not include enough hours worked to trigger weekly or daily overtime pay. Finally, based on the damages analysis prepared by Class Counsel's and its economic expert, the $875,000 Settlement equals 52% of the greatest possible recovery the Class Members could have recovered including all liquidated damages and penalties. (Exh. B, Stoops Declaration at ¶¶ 23-24). It is no exaggeration to predict that without using the class action process, the relief that members of the class were likely to achieve ranged from negligible to zero.

*Second*, prosecuting the litigation has been risky. This case is not one in which a substantial settlement and a recovery of a large attorneys' fee was a foregone conclusion. *See Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 338-39 (1980) (recognizing importance of incentivizing qualified attorneys to devote their time to complex, time-consuming cases in which they risk nonpayment); *Vizcaino*, 290 F.3d at 1048 ("Risk is a relevant circumstance."). The claims asserted are, to a large extent, complex, as reflected in the operative complaint. There is the risk that Plaintiffs could lose on the merits, either on summary judgment or at trial. In this case, Defendant asserted 46 affirmative defenses that, if successful, could bar any recovery. [ECF No. 18]. Moreover, there is the risk that no FLSA collective or Rule 23 class would be certified, the risk that an order certifying an FLSA collective or a Rule 23 class would be overturned on appeal, and the risk that a certified class would later be decertified, each of which is a significant risk in a case such as this. *See, e.g., David v. Bankers Life &*

*Cas. Co.*, 2015 WL 3994975, at *8 (W.D. Wash. June 30, 2015) (granting defendant's motion to decertify class in case alleging misclassification of insurance agents as independent contractors, reasoning that "individualized fact questions" as to each agent's work experience would "predominate over common ones."); *Collins v. Barney's Barn, Inc.*, 2013 WL 1668984, at *1 (E.D. Ark. Apr. 17, 2013) (denying motion for conditional certification of an FLSA collective in a case alleging that exotic dancers were misclassified as independent contractors); *Edwards v. Publishers Circulation Fulfillment, Inc.*, 268 F.R.D. 181, 189 (S.D.N.Y. 2010) (declining to certify class of workers claiming to be employees where case required "an individualized assessment of [defendant's] relationship" with each worker).

*Third*, the litigation and ultimate settlement serves as a mechanism to inform Defendant of the problems with its wage policies and practices and encourage modification of those policies and practices going forward.

*Fourth*, the financial burden carried by Class Counsel in prosecuting the case on a contingency basis has been significant. To date, Class Counsel has not received any attorneys' fees during the pendency of this action, which, by the time of final approval, will have been pending or nearly two years. Further, Class Counsel has incurred nearly $15,000 in litigation expenses and over $115,000 in attorneys' fees, all of which could have been lost if the case had not been resolved. (Exh. B, Stoops Declaration at ¶¶ 36, 51).

The circumstances described above support an upward adjustment from the Ninth Circuit's benchmark of 25 percent. *See, e.g., Hopkins v. Stryker Sales Corp.*, 2013 U.S. Dist. LEXIS 16939, at *8-9 (N.D. Cal. Feb. 6, 2013) (discussing other wage-and-hour cases in which courts awarded attorneys' fees of 33 1/3% or more, explaining that conducting the case "on an entirely contingent fee basis against a well-represented [d]efendant" supported an upward fee adjustment, and awarding Class Counsel attorneys' fee award of 30 percent of the common fund); *Thieriot v. Celtic Ins. Co.*, 2011 U.S. Dist. LEXIS 44852 (N.D. Cal. Apr. 21, 2011) ("It is common practice to award attorneys' fees at a higher percentage than the 25% benchmark in cases that involve a relatively small — i.e., under $10 million — settlement fund."); *In re Heritage Bond Litig.*, 2005 U.S. Dist. LEXIS 13555, at*69 (C.D.

Cal. June 10, 2005) ("Here, the Court notes that Plaintiffs' counsel proceeded entirely on contingency basis, while paying for all expenses incurred. There was no guarantee of any recovery, and thus, counsel was subjected to considerable risk of no compensation for time or no reimbursement for expenses."); *Boyd v. Bank of Am. Corp.*, 2014 U.S. Dist. LEXIS 162880, at *28-29 (C.D. Cal. Nov. 18, 2014) ("Both of the firms representing the Class are small firms with fewer than fifteen attorneys. Firms of this size face even greater risks in litigating large class actions with no guarantee of payment. The Court finds that the considerable risk in this case due to the uncertain legal terrain, coupled with Counsel's contingency fee arrangement, weigh in favor of an increase from the benchmark rate. . . . Decisions in analogous wage and hour suits have found awards of one third of the common fund appropriate.") (citing cases and ordering attorneys' fee award of one-third of the common fund).

Another factor favoring the requested attorneys' fee award is that it equates to a modest 1.86 to 2.0 multiplier, as discussed in more detail below.

### C. The Lodestar "Cross-Check" Confirms that the Requested Attorneys' Fees are Reasonable.

When setting a fee award, courts can—and should—apply the alternative lodestar method to provide "perspective on the reasonableness of a given percentage award." *Vizcaino*, 290 F.3d at 1050. According to the Ninth Circuit, "[c]alculation of the lodestar, which measures the lawyers' investment of time in the litigation, provides a check on the reasonableness of the percentage award." *Id.* "Lodestar calculations are determined by multiplying the number of hours reasonably expended during the litigation by a reasonable hourly rate." *In re Heritage Bond Litig.*, 2005 U.S. Dist. LEXIS 13555, at *19 (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (1998)). It is "common for a counsel's lodestar figure to [then] be adjusted upward by some multiplier reflecting a variety of factors such as the effort expended by counsel, the complexity of the case, and the risks assumed by counsel." *Id.* at *71-72 (citing *In re Linerboard Antitrust Litig.*, 2004 U.S. Dist. LEXIS 10532, 2004 WL 1221350, at *16 (E.D. Pa. June 2, 2004) (recognizing that from 2001 to 2003, the average multiplier approved in common fund cases was 4.35, and during the 30 year period from 1973-2003, the average multiplier approved in common fund class actions was 3.89) (citing Stuart J. Logan, et al., Attorney Fee Awards

- 8 -

1  in Common Fund Class Actions, 24 CLASS ACTION REPORTS 167 (2003)), disapproved on other
2  grounds as stated in *In re ATM Fee Antitrust Litig.*, 686 F.3d 741, 755 n.7 (9th Cir. 2011)).

3  Here, based on detailed, contemporaneously-kept time records, Class Counsel's unadjusted lodestar (*i.e.*, with no multiplier) is $115,680.50, computed as a function of the hours and rates described in the declaration of Kevin J. Stoops, Esq. (Exh. B, Stoops Declaration at ¶ 36). That amount is the sum of the firm's lodestar as of December 16, 2022. Class Counsel anticipates that at the conclusion of this case (including additional work to be performed at the Final Approval stage, and extensive work related to settlement administration and Class/Collective Member payment processing), that Class Counsel will have incur additional lodestar in a range of $15,000 to $25,000 (or more). (*Id.* at ¶ 45). Based on the current lodestar of $115,680.50 the requested $262,500 fee will result in a multiplier of less than 2.3. Taking into account the $15,000 to $25,000 in additional lodestar that will be incurred, the multiplier at the conclusion of this case will fall in the range of 1.86 to 2.0. (*Id.* at ¶ 46).

Class Counsel's hourly rates and the associated hours are reasonable. As to the rates, "'[t]he proper reference point in determining an appropriate fee award is the rates charged by private attorneys in the same legal market as prevailing counsel.'" *Rutti v. Lojack Corp.*, 2012 U.S. Dist. LEXIS 107677, at *30 (C.D. Cal. July 31, 2012) (quoting *Trevino v. Gates*, 99 F.3d 911, 925 (9th Cir. 1996)). The rates charged by private attorneys in the same legal market, in turn, are the "prevailing market rate[s] in the relevant community" for lodestar purposes. *Davis v. City of San Francisco*, 976 F.2d 1536, 1547 (9th Cir. Cal. 1992) (quoting *Bouman v. Block*, 940 F.2d 1211, 1235 (9th Cir. 1991), cert. denied, 112 S.Ct. 640 (1991), and citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984), vacated in part on other grounds by 984 F.2d 345 (9th Cir. 1993)). The relevant community is "the forum district." *Anderson v. Nextel Retail Stores, LLC*, 2010 U.S. Dist. LEXIS 71598 at *6 (C.D. Cal. June 30, 2010) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992)). *See also Cuviello v. Feld Ent., Inc.*, No. 13-cv-04951-BLF, 2015 U.S. Dist. LEXIS 4155, 2015 WL 154197, at *2 (N.D. Cal. Jan. 12, 2015) ("The Court has broad discretion in setting the reasonable hourly rates used in the lodestar calculation."); *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132, 104 Cal. Rptr. 2d 377, 17 P.3d 735 (2001) (court can rely

on its own experience); *accord Open Source Sec. v. Perens*, 803 F. App'x 73, 77 (9th Cir. 2020).

Class Counsel's hourly rates are comparable to, or lower than, rates charged by other law firms in California prosecuting claims on behalf of workers and consumers. For example, in *Nitsch v. DreamWorks Animation SKG Inc.*, 2017 WL 2423161, at *9 (N.D. Cal. June 5, 2017), an employment class action, the court found that hourly rates of up to $1,200 per hour—significantly above Class Counsel's hourly rates here—for plaintiffs' class action lawyers based in California were "fair, reasonable, and market-based, particularly for the 'relevant community' in which counsel work." Similarly, in *Nucci v. Rite Aid Corp.*, Case No. 3:19-cv-01434-LB, 2022 U.S. Dist. LEXIS 94936, at *16 (N.D. Cal. May 26, 2022), the court approved attorney hourly rates of up to $1,005 and a paralegal rate of $275, and found that "the billing rates are normal and customary for timekeepers with similar qualifications and experience in the relevant market." *See id.* at ECF No. 132 (declaration of Hallie Von Rock, Esq.) at 26 (¶ 82). *See also Fleming v. Impax Lab'ys Inc.*, 2022 U.S. Dist. LEXIS 125595, at *28 (N.D. Cal. July 15, 2022) (approving attorney hourly rates of up to $1,325 and paralegal hourly rates of up to $425 in a securities class action, and citing cases in this District approving attorney hourly rates of up to $1,600 and $1,250 and paralegal rates of up to $490); *Cottle v. Plaid Inc.*, 2022 WL 2829882, at *11 (N.D. Cal. July 20, 2022) (approving attorney hourly rates of up to $1,025 and paralegal hourly rates of up to $425 in a consumer class action); *Foster v. Adams & Assocs.*, 2022 U.S. Dist. LEXIS 25071, at *24-25 (N.D. Cal. Feb. 11, 2022) (approving hourly rates of up to $975 in an ERISA class action); *Brown v. Google LLC*, 4:20-cv-03664-YGR (N.D. Cal.) at ECF No. 5971, ECF page 5 of 6 (request for reimbursement of attorneys' fees incurred by Boies Schiller Flexner LLP, Susman Godfrey L.L.P, and Morgan & Morgan filed on June 3, 2022 in the Northern District of California showing partner hourly rates of $1,020, $800, $725, $775, $1,030, $1,000, $1,000, $1,350, $1,110, $1,070, $875, $1,300, and $1,950) (plaintiffs' counsel in consumer class action).

Other courts have approved as reasonable the hours and hourly rates of Class Counsel. (*See e.g., cases cited in* Exh. B, Stoops Declaration at ¶ 6).

In cases where compensation is contingent on success, attorneys generally expect to receive

significantly higher effective hourly rates, particularly where, as in this case, the result is uncertain. As the case law recognizes, this does not result in any undue "bonus" or "windfall." In the legal marketplace, a lawyer who assumes a significant financial risk on behalf of a client reasonably expects that his or her compensation will be significantly greater than if no risk was involved (for example, if the client paid the bill on a monthly basis), and that the greater the risk, the greater the "enhancement." Adjusting court-awarded fees upward in contingent fees cases to reflect the risk of recovering no compensation whatsoever for hundreds of hours of labor makes those fee awards consistent with the legal marketplace, and thus helps to ensure that meritorious cases will be prosecuted, important public policies will be enforced, and individuals with meritorious legal claims will be better able to obtain qualified attorneys.

For all these reasons, Class Counel's attorneys' fee request of $262,500 is reasonable and should be granted.

### D. Class Counsel's Requested Litigation Expenses are Proper.

1. "The prevailing view is that expenses are awarded in addition to the fee percentage.'" *Jefferson v. H&M Hennes & Mauritz*, L.P., 2013 U.S. Dist. LEXIS 2875, at *9 (C.D. Cal. Jan. 7, 2013) (quoting 1 ALBA CONTE, ATTORNEY FEE AWARDS § 2:08 at 50–51). Class Counsel has advanced litigation expenses necessarily incurred in this case. As reflected in the declaration of Kevin J. Stoops, Esq., the total incurred litigation expenses to date are $$14,272.32. (Exh. B, Stoops Declaration at ¶ 51). The records identifying the litigation expenses are available for submission to the Court upon request, and a final amount will be submitted to the Court in connection with Class Counsel's Final Approval briefing if requested. All the expenses were reviewed by Class Counsel and are reasonable, necessary, and customary for FLSA and state wage statute cases. They were all incurred in the normal course of litigation, directly benefited the Class/Collective Members, and added to the overall success of this case. (*Id.* at ¶ 54; *See generally Odrick v. UnionBanCal Corp.*, 2012 WL 6019495, at *6, 2012 U.S. Dist. LEXIS 171413, at *17 (N.D. Cal. Dec. 3, 2012) (in a common-fund settlement, noting that class counsel were seeking reimbursement of "costs for a retained expert, mediation, travel, copying, mailing, legal research, and other litigation-related costs," and concluding that "reimbursement of these costs and expenses in their entirety is justified"); *Knight v. Red Door Salons, Inc.*, 2009 U.S.

prevailing defendants in employment discrimination case brought by a teacher); *Harper v. City of Cleveland*, 2020 WL 127683, at *1 (N.D. Ohio Jan. 10, 2020) (awarding attorneys' fees to prevailing defendant in action brought by a former police officer alleging employment discrimination).

Finally, the cumulative amount of the Class Representative Incentive Awards, $20,000, is reasonable as it equals only 2.28% of the $875,000 Gross Fund Value of the Settlement.

In light of the foregoing, the requested Class Representative Incentive Awards are reasonable.

## IV.     CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully requests that the Court approve Class Counsel's attorneys' fees and litigation expenses, as well as the Class Representative Incentive Awards, as provided under the Parties' Settlement Agreement. A proposed order granting the present motion is attached hereto as Exhibit G.

Respectfully Submitted,

SOMMERS SCHWARTZ, P.C.

DATED: December 16, 2022

By: /s/ Kevin J. Stoops
Kevin J. Stoops (SBN 332200)
kstoops@sommerspc.com
SOMMERS SCHWARTZ, P.C.
402 West Broadway, Suite 1760
San Diego, California 92101
Telephone: (248) 355-0300

*Attorneys for Plaintiff and Proposed Collective and Class members*